IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TONI M. MORRISON,<br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br>    Defendant. | Case No. 1:15-cv-01232-JEH |

**Order**

Before the Court is the Plaintiff, Toni Morrison's ("Morrison"), Motion for Sanctions (D. 20) and the Defendant, Wal-Mart Stores, Inc.'s ("Wal-Mart") response (D. 22) thereto. For the reasons stated, *infra*, the motion is DENIED.[1]

The Plaintiff alleges in her Complaint (D. 1), sounding in this Court's diversity jurisdiction, 28 U.S.C. § 1332, that she slipped and fell on a rug in the produce department at Wal-Mart's East Peoria, Illinois store and that the rug in question "was not lying flat upon the floor and because of its color could not be seen as representing a hazard." *Id.* She alleges Wal-Mart must compensate her for injuries she allegedly sustained due to Wal-Mart's alleged negligence related to the offending rug. *Id.*

Central to Morrison's Motion for Sanctions is a missing "accident file" created by Wal-Mart employees after Morrison's slip and fall. According to testimony adduced from various Wal-Mart employees during discovery, Wal-Mart has a procedure in place for collecting information and statements after an injury is reported in one of its retail stores. The information is then sent on to

---

[1] The undersigned presides over this case with the consent of all parties. (D. 14, 15).

1

Claims Management, Inc., a wholly owned subsidiary of the Defendant which handles injury claims.

In the instant case, after the accident in question, Wal-Mart assistant manager, Leslie Riddell, testified that she took a signed statement from Morrison on a form from the Defendant's accident packet, which she thereafter gave to assistant manager Joel Jason. Wal-Mart cannot now find this statement or any "accident file" related to this case. The Plaintiff claims that "[o]ther evidence and testimony in this case indicate that the lost accident file contained statements of the Plaintiff, Plaintiff's daughter, a customer witness and an employee witness." (D. 20 at p. 3). She bases this claim on various "inferences."

First, she infers that the accident file contains the statement of another customer witness, Stuart Parks, because Parks was listed in an "incident report" as a witness. Wal-Mart, however, posits that although a video shows assistant Manager Jason talking with Parks, Jason had no paperwork in his hands during the conversation. Jason also testified that simply listing someone's name on an incident report does not mean that a written statement was taken from the person listed, especially where "in many cases customers who witness things don't want to stick around to fill out a file." (Deposition of Jason at p. 33). Jason could not recall taking Stuart's statement, or anyone else's for that matter. Id. at pp. 31, 51-52.

Second, Morrison infers that the accident file contains the statement of the Plaintiff's daughter, Deserae Morrison or her granddaughter, Cloette Zamero, both of whom accompanied the Plaintiff on the day of the accident. Morrison bases this inference on the fact that the incident report states that she had a companion. Wal-Mart, however, notes that the Plaintiff testified that she did not see a manager give any papers or forms for her daughter to fill out and that, indeed, she did not see the manager give forms to anyone to fill out. Likewise, the Plaintiff's daughter

testified that she neither assisted her mother in completing any forms nor did she personally complete any forms herself, although she originally stated in an affidavit that she did provide a statement to Wal-Mart.

Third, Morrison infers that the accident file contains the statement of a male Wal-Mart employee who was in the vicinity at the time of the accident. She bases this inference on the fact that the employee was in the area at the time of her fall and spoke with some other Wal-Mart employees after the fall. Wal-Mart, however, points out that, again, the Plaintiff testified that she did not see this employee or anyone else complete any paperwork or make any written statements.

Morrison is left to "infer" what is in the accident file because, although she sought the accident file during discovery, Wal-Mart never produced it. As explained by store manager Rex Van Rheeden, although he personally searched for the file, he could not find it.

As a sanction for losing the accident file, Morrison asks the court to give an adverse inference jury instruction to the jury about the missing file; to give a jury instruction informing the jury that the Defendant did not produce the accident file containing party and witness statements; and to enter an order barring the Defendant from raising any defense/argument that there is absence of evidence that it had actual or constructive notice of the hazard in this case. (D. 20 at p. 4). Wal-Mart, on the other hand, argues that the Plaintiff's motion is based solely on speculation about what the accident report might contain, the actual evidence in the case demonstrates that only the Plaintiff completed a written statement which would be in the accident file, and the Plaintiff suffers no prejudice from Wal-Mart's having lost the file.

Federal Rule of Civil Procedure 37 allows a Court to sanction a party for spoliation of evidence if "the party to be sanctioned destroyed the evidence at issue in bad faith and knew or should have known that litigation was imminent."

*MacNeil Automotive Products, Ltd. v. Cannon Automotive, Ltd.*, 715 F. Supp. 786, 769 (N.D. Ill. 2010), *citing Trask-Morton v. Motel 6 Operating L.P.*, 534 F. 3d 672, 681 (7th Cir. 2008). More specifically:

> In analyzing whether sanctions are appropriate for failing to preserve evidence, a court is guided by three factors: (1) a breach of the duty to preserve or produce documents; (2) the level of culpability for the breach; and, (3) the prejudice that results from the breach. *Danis v. USN Communications Inc.*, 2000 WL 1694325, at *31 (N.D. Ill.). Sanctions must be proportionate to the offending conduct. *Langley v. Union Electric Co.*, 107 F3d 510, 515 (7th Cir. 1997), *cited in Jacobeit v. Rich Township High School District 227*, 2011 WL 2039588, at *6 (NDIL). Sanctions can be imposed on a finding of bad faith, willfulness, or fault, *Brandt v. Vulcan, Inc.*, 30 F3d 752, 756 (7th Cir. 1994), and are proper only when a party knew or had reason to know that litigation was forthcoming. *Trask–Morton v. Motel 6 Operating L.P.*, 534 F3d 672, 681 (7th Cir. 2008).

*Kirgan v. FCA LLC,* 2013 WL 1500708, *1 (C.D. Ill. 2013).

The parties dispute whether Wal-Mart had a duty to preserve its accident file and Wal-Mart's culpability for the loss of the file. However, even assuming Wal-Mart had a duty to preserve the file and it was at "fault" for its loss, Morrison cannot show that she has suffered any prejudice from the loss of the file.[2]

The evidence at most shows that the accident file contained the Plaintiff's own statement. All the other direct evidence in the case suggests that no other written statements were taken or included in the accident file. Although Morrison suggests that the accident file might contain other statements, that suggestion is based on a number of "inferences" which simply have no evidentiary support in the record. They are less inferences than rank speculation, which is insufficient to

---

[2] In the present case, the Plaintiff does not assert that Wal-Mart intentionally destroyed the file (D. 21 at p. 7), precluding a finding of bad faith or willfulness and leaving "fault"-the lowest level of culpability-as the only potential finding in this case.

establish prejudice. The Court is cognizant of the Plaintiff being in the unenviable position of attempting to establish prejudice without knowing for sure what the missing accident file contains. However, the testimony of her own daughter and the Wal-Mart employees all support a conclusion that the only written statement taken, and therefore in the file, was that of the Plaintiff. And, it is hard to see how the Plaintiff can suffer prejudice from not having her own statement to her produced. She presumably knows what her own statement was.

Although the Plaintiff argues "substantial" prejudice from loss of the file, she does so based upon the fact that an unknown person smoothed out the bump in the carpet "within 25 seconds of the Plaintiff's fall." (D. 21 at p. 7). The Plaintiff then apparently assumes that this person's statement is contained within the missing file. However, there is no way to tell who moved the mat or why; all that is visible on Wal-Mart's surveillance video tape is that the mat was moved, very slightly, presumably by someone out of screenshot. The Plaintiff assumes too much in leaping to the conclusion that this person's statement, whoever it may have been, is in the accident file.

Most importantly, Wal-Mart's production of the video tape of the entire incident in question eliminates any potential prejudice from the missing accident file. Whatever the file contains, it cannot contain anything more definitive than the video tape produced by Wal-Mart. That video tape shows a continuous recording of the area of Wal-Mart in question, beginning one hour and six minutes before Morrison's fall, continuing through her fall, and concluding almost another hour after her fall. It is hard to see how *any* witness statement could provide anything more illuminating that what the videotape shows. Any theoretical witness statements contained in the accident file would simply describe what any fact finder can clearly view for himself when watching the video; the Plaintiff cannot establish prejudice.

5

For the reasons stated, *supra*, the Plaintiff's Motion for Sanctions is DENIED. The Plaintiff shall respond to the Defendant's pending Motion for Summary Judgment on or before November 18, 2016, and the Defendant's Reply thereto is due on or before December 2, 2016.

*It is so ordered.*

Entered on October 17, 2016

<u>s/Jonathan E. Hawley</u>
U.S. MAGISTRATE JUDGE