IN THE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

TONI M. MORRISON,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

Case No. 1:15-cv-01232-JEH

**Order**

Before the Court is the Defendant, Wal-Mart Stores, Inc.'s ("Wal-Mart") Motion for Summary Judgment (Doc. 17).[1] The Motion is fully briefed, and for the reasons stated, *infra*, Defendant's motion is DENIED.[2]

**I.**

The Plaintiff, , Toni Morrison ("Morrison"), tripped over a floor mat and fell while at Defendant's East Peoria store in April 2014. She seeks monetary damages for injuries she alleges she sustained as a result of her fall. The circumstances of the incident were captured on video and are, largely, undisputed.

Plaintiff was shopping in the produce department of Defendant's store with family members. Between approximately 11:16 A.M. and 11:19 A.M., customers

---

[1] Citations to the Docket in this case are abbreviated as "D. __."
[2] The undersigned presides over this case with the consent of all parties. (D. 14, 15).

1

walked over a floor mat creating a pronounced "bubble" or "bump" in it.  (D. 17-3 at pg. 15)  Plaintiff walked over the mat, with its protrusion, several times between approximately 11:28 A.M. and 11:36 A.M.  At 11:36:06 A.M., Plaintiff fell after tripping over the bump.

Plaintiff does not contend there was any condition aside from the buckled floor mat which caused her fall.  The mat Plaintiff tripped over was black and the surrounding floor was white.  The mat had no known defects.  The lighting in the area was sufficient and Plaintiff's view of the floor and the mat were never obstructed.  Plaintiff said in her deposition that she did not see the bump in the mat before falling.  She stated that she was "not paying attention" to the mat and if she had seen the bump, she would have attempted to fix it.  (D. 17-3 at pg. 15, 21, 23)

The parties dispute the extent of the presence of Defendant's employees in the area before and at the time of the accident.  In the video footage, no Wal-Mart employee is visible in Plaintiff's immediate vicinity when she trips.  Defendant asserts there were "no Wal-Mart employees in the Produce section prior to [her] fall." (D. 17 at pg. 4)  Most notably, Plaintiff states "there was an employee in the produce section from 11:06:43 A.M. to 11:13:05 A.M. stocking shelves" and that the Plaintiff and her family members "encounter[ed] an employee stocking shelves directly right of where Plaintiff fell" at the time of the incident.  (D. 26 at pg. 4)

The Plaintiff alleges in her Complaint that the floor mat "was not lying flat upon the floor and because of its color could not be seen as representing a hazard." (D. 1)  She further alleges Defendant must compensate her for injuries she allegedly sustained due to Defendant's negligence related to the offending mat. *Id.*  Defendant moved for summary judgment, arguing no genuine issue of material facts exist.  (D. 17 at pg. 1).  The Court disagrees.

## II.

The Court's jurisdiction in this case arises under the diversity statute, 28 U.S.C. § 1332. As such, the Court applies Illinois law to substantive matters and federal law to procedural matters. *Hanna v. Plumer*, 380 U.S. 460, 464-65 (1965); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see also Evans v. Lederle Laboratories, a Div. of American Cyanamid Co.*, 904 F. Supp. 857, 859 (C.D. Ill. 1995).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 7477 U.S. 317, 322-23 (1986). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323- 24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183(7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he "'must do more than simply show that there is some metaphysical doubt as to the material fact.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary

judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson* at 250.

### III.

Defendant argues in its Motion for Summary Judgment that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Specifically, Defendant argues the Plaintiff is unable to present evidence that (1) Defendant had actual or constructive notice of the dangerous condition—the buckled floor mat, or (2) that Defendant negligently placed said floor mat. (D. 17 at pg. 1) Defendant further asserts as an affirmative defense that the condition of the floor mat was open and obvious. (D. 17 at pg. 1)

To recover on a negligence claim, Plaintiff must establish (1) a duty owed by the Defendant; (2) a breach of that duty; and (3) an injury resulting from that breach. *Pavlik v. Wal-Mart Stores, Inc.*, 753 N.E. 2d 1007, 1010 (2001). The only issue in dispute here is breach. Defendant can be found in breach of its duty to Plaintiff in this instance if (1) it negligently placed the mat on the floor; (2) it knew of the buckled mat; or (3) the buckle in the mat existed for a sufficient length of time such that in the exercise of Defendant's ordinary care, its presence should have been discovered, putting Defendant on constructive notice. *Id*.

Plaintiff denies making any allegation of negligent placement by the Defendant. (D. 26 at pg. 1) Thus, the Court need not address Defendant's argument on the issue. Plaintiff does argue, however, that whether the Defendant had constructive notice of the dangerous condition and whether it was open and obvious are issues of fact that the jury must decide. (D. 26 at pg. 1-2)

Initially, the Court notes that under Illinois law the open and obvious doctrine applies only in premises liability cases. *Chu v. Bowers*, 656 N.E. 2d 436, 440 (1995). Plaintiff's complaint alleges negligence, not premises liability. (D. 1 at pg. 3) Accordingly, the Court need not address the parties' arguments on the issue

of the open and obvious nature of the mat. Therefore, the sole remaining issue before the Court is whether Defendant had constructive notice of the condition at issue.

Constructive notice is a triable issue of fact. *See e.g. Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of New York, Inc.*, 953 N.E. 2d 427, 432 (2011). Time is a material factor when a plaintiff alleges constructive notice and it is incumbent on the plaintiff to establish how long the offending hazard at issue existed. *Hayes v. Bailey*, 400 N.E. 2d 544, 546 (1980). Constructive notice can be decided by the Court as a matter of law when the facts are undisputed *and* only one reasonable inference can be drawn from the facts. *Coultas v. City of Winchester*, 566 N.E. 2d 992, 994 (1991). In the case at bar, the undisputed facts could support more than one reasonable inference.

The Plaintiff could arguably be entitled to a judgment in this case. Plaintiff has clearly established how long the buckle in the floor mat was present on the day in question. (D. 26 at pg. 4) The Court cannot say that the presence of a bump in a floor mat for 16 or 19 minutes in this particular circumstance is, *per se*, reasonable or unreasonable. This is ultimately an issue the fact-finder must decide.

As Defendant itself asserts: "'[t]he question of notice is generally one of fact, but becomes a question of law if all the evidence when viewed in the light most favorable to the plaintiff so overwhelmingly favors the defendant public entity that no contrary verdict could ever stand.' *Pinto v. DeMunnick*, 168 Ill. App. 3d 771, 774 (1st Dist. 1998)." (D. 28 at pg. 1) While the Defendant in this case is not a public entity, as discussed previously, the standard still applies. A reasonable fact-finder could find in Plaintiff's favor on the issue of constructive notice in this case. Thus, as a matter of law, Defendant is not entitled to summary judgment.

Moreover, the parties further dispute the presence of employees in Defendant's store leading up to and at the time of Plaintiff's fall. This is a textbook example of a disputed genuine issue of material fact. When there are genuine issues of material fact in dispute, summary judgment is inappropriate. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 7477 U.S. 317, 322-23 (1986). Given the discrepancy in the parties' accounts of Defendant's employee presence in the area both before and when Plaintiff fell, as a matter of law, the Defendant is not entitled to summary judgment.

Viewing the evidence of record in the light most favorable to the Plaintiff, Defendant's Motion for Summary Judgment is DENIED.

*It is so ordered.*

Entered on December 22, 2016

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE