E-FILED
Wednesday, 14 June, 2017  12:37:23 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TONI M. MORRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  15-cv-01232 |
| | ) | |
| WAL-MART STORES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MOTION FOR DETERMINATION OF DISCLOSURE OF DR. DANIEL MULCONREY UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)

NOW COMES the Defendant, WAL-MART STORES, INC., by its attorney HEATHER SHEA, having conferred with Plaintiff's counsel, and moves this Court to make a determination as to the required disclosure of Dr. Daniel Mulconrey and necessity of disclosure of a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(A) or 26(a)(2)(B).  In support of this motion, Defendant states as follows:

1. Plaintiff is claiming significant injuries to her low back as a result of a trip and fall on April 19, 2014, at the East Peoria Wal-Mart store, including four surgical procedures and approximately $1 million in medical bills.

2. The parties are in the process of arranging medical depositions, including depositions of the three surgeons who operated on Plaintiff:  Dr. Daniel Fassett, Dr. Jeffrey Klopfenstein and Dr. Daniel Mulconrey.

3. Plaintiff's counsel has advised that Plaintiff intends to obtain and offer opinions of treating physician Dr. Mulconrey regarding the surgery he performed on August 5, 2016, as well as opinions regarding the three preceding surgical procedures

which were performed by physicians outside of Dr. Mulconrey's practice by Dr. Fassett and Dr. Klopfenstein on June 16, 2014, January 9, 2015, and September 28, 2015.

4. It is Defendant's position that, because Dr. Mulconrey will be testifying to treatment other than his own, and rendering opinions regarding same, Dr. Mulconrey would be required to prepare a report under Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(B).

5. It is Plaintiff's position that Dr. Mulconrey is not being retained by Plaintiff as an expert and as such, Plaintiff is not required to provide a written report in accordance with FRCP 26(a)(2)(B).

6. Counsel for both parties have conferred regarding this issue and seek the Court's decision in this regard to avoid any prejudice to either party if the deposition of Dr. Mulconrey was to proceed before this issue has been decided by this Court.

7. The Seventh Circuit does not distinguish the treating physician from other experts when the treating physician is offering expert testimony regarding causation. *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 (7th Cir. 1994).

8. When determining whether a report is required to be prepared by a treating physician, the Court must determine whether plaintiff's doctors formed their opinions regarding causation, their prognosis, and diagnosis of plaintiff's medical condition through their treatment of plaintiff or from some other source. *McCloughan v. City of Springfield*, 208 F.R.D. 236, 241 (C.D. Ill. 2002).

9. When the testimony of a treating physician goes beyond the scope of treatment, observation, and diagnosis, and includes opinions on causation, prognosis or the future impact of the injury, the treating physician must provide a report satisfying the requirements of Rule 26(a)(2)(B). *Sowell v. Burlington N. & Santa Fe Ry. Co.*, No.

03 C 3293, 2004 WL 2812090 at *6 (N.D. Ill. Dec. 7, 2004).  In its holding, the *Sowell* court explained that while plaintiff's treating physicians may testify as to the nature and extent of the injury they observed and the treatment that was rendered for the injury, those same treaters could not testify as to the causation of the injury, prognosis, degree of permanency or plaintiff's ability to return to his former occupation because those opinions go beyond personal observations and treatment and cross the line into testimony of a witness who is required to be disclosed and provide an expert report pursuant to Rule 26(a)(2)(B).  *Sowell v. Burlington N. & Santa Fe Ry. Co.*, No. 03 C 3923, 2004 WL 2812090, at *7 (N.D. Ill. Dec. 7, 2004).

10. In order for a treating physician to testify as to causation, he must prepare a Rule 26(a)(2)(B) report.  *Barrett v. International Armaments, Inc.,* 1999 WL 199253, *6 (N.D. Ill. Mar.31, 1999). Causation testimony requires a Rule 26(a) expert report. *Murray v. Chicago Transit Auth.,* 1999 WL 49355, *1 (N.D. Ill. Jan.29, 1999).  When a physician states a diagnosis or prognosis and relies on specialized medical training and knowledge that is outside of the average juror's sphere of knowledge, a Rule 26 report is required.  *Brandon v. Village of Maywood,* 179 F.Supp.2d 847, 859 (N.D. Ill. 2001).

11. Defendant requests this court require Dr. Mulconrey prepare a written report in accordance with Rule 26(a)(2)(B) as it is evident Dr. Mulconrey is expected to testify based on treatment provided by Dr. Fassett and Dr. Klopfenstein, beyond his personal involvement, including but not limited to, causation, prognosis or the future impact of the injury that includes specialized medical training and knowledge outside of the average juror's sphere of knowledge.

WHEREFORE, Defendant, WAL-MART STORES, INC., respectfully requests that this Court make a determination as to the proper disclosure of Dr. Mulconrey as an Expert under either Federal Rule of Civil Procedure 26(a)(2)(A) or 26(a)(2)(B).

        Respectfully Submitted,

By: /s/Heather E. Shea
Heather E. Shea (6226070)
Attorney for Defendant
O'Hagan Meyer LLC
1 E. Wacker Dr., Ste. 3400
Chicago, Illinois 60601
T: (312) 422-6100
F: (312) 422-6110
E: hshea@ohaganmeyer.com