IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TONI M. MORRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-1232 |
| ) | |
| WAL-MART STORES, INC., a foreign ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR DETERMINATION OF DISCLOSURE OF DR. DANIEL MULCONREY UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)**

NOW COMES the Plaintiff, TONI M. MORRISON, by and through her attorneys, James P. LeFante of LEFANTE LAW OFFICES, P.C. and Ralph D. Davis, of RALPH DAVIS LAW, and for her Response to Defendant, WAL-MART STORES, INC.'s, Motion for Determination of Disclosure of Dr. Daniel Mulconrey under Federal Rule of Civil Procedure 26(a)(2), states as follows:

1.  Plaintiff intends to obtain and offer opinions of treating physician Dr. Daniel Mulconrey regarding the surgery he performed on August 5, 2016, as well as opinions regarding three preceding surgical procedures performed by Dr. Daniel Fassett and Dr. Jeffery Klopfenstein on June 16, 2014, January 9, 2015, and September 28, 2015.

2.  Defendant is taking the position, that because Dr. Mulconrey will be testifying to treatment other than his own, and rending opinions regarding the same, Dr. Mulconrey would be required to prepare a report under Federal Rule of Civil Procedure 26(a)(2)(B).

3.      It is Plaintiff's position that Dr. Mulconrey is not being retained by Plaintiff as an expert and as such, Plaintiff is not required to provide a written report in accordance with Rule 26(a)(2)(B).

4.      In support of its motion Defendant relies on several District Court cases decided in the 1990s and early 2000s, such as *Sowell v. Burlington N. & Santa Fe Ry. Co.*, No. 03 C 3293, 2004 WL 2812090 (N.D. Ill. Dec 7, 2004). However, District Court cases do not have precedential authority. *Howard v. Wal-Mart Stores, Inc.*, 160 F.3d 358, 359 (7th Cir. 2010) (Posner, J: "[W]e feel impelled to remind Wal-Mart and its lawyer that a district court's decision does not have precedential authority[.]"). Defendant also relies on outdated case law. Specifically, Defendant takes the position of the holding in *Sowell*. *Sowell* held, "plaintiff's treating physicians could not testify as to the causation of the injury, prognosis, degree of permanency or plaintiff's ability to return to his former occupation because those opinions go beyond personal observations and treatment and cross the line into testimony of a witness who is required to be disclosed and provide an expert report pursuant to Rule 26(a)(2)(B)." *Sowell*, No. 03 C 3293, 2004 WL 2812090 (N.D. Ill. Dec 7, 2004).

5.       However, when *Sowell* was decided, the District Courts disagreed regarding whether Rule 26(a)(2)(B) applied to treating physicians. See *Barret v. International Armaments*, 1999 WL 199253, *6 (N.D. Ill. Mar.31, 1999) (requiring a treating physician to prepare a Rule 26(a)(2)(B) report.); Compare with *McCloughan v. The City of Springfield*, 208 F.R.D. 236, 241 (C.D. Ill. 2002) (holding that treating physicians were not normally subject to strict disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B). Hence, the citizen's treating physicians may have offered opinion testimony on causation, diagnosis, and prognosis without the perquisite if providing a Rule 26(a)(2)(B) report.)

6.	However, this disagreement regarding treating physicians and Rule 26(a)(2)(B) has largely been resolved by *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729 (7th Cir. 2010). In *Meyers,* the Seventh Circuit stated,

> But we have not until now had the occasion to determine whether a treating physician who provides an expert opinion as to causation is required to file a formal report under Rule 26(a)(2)(B) when the subject of such opinion was not determined at the time of treatment. We resolve this outstanding issue today by concluding that a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, ***but who did not make that determination in the course of providing treatment,*** should be deemed one "retained or specially employed to provide expert testimony in the case," thus is required to submit an expert report in accordance with Rule 26(a)(2). 619 F.3d 729 at 735; (Emphasis Added.)

7.	Although it does not have precedential authority, the United States District Court, Central Division offered a persuasive opinion that expanded on the holding of *Meyers* in *Allison v. U.S.*, 09-CV-3341, 2011 WL 1627083 at *4 (C.D. Ill. Apr. 28, 2011). In *Allison v. U.S.*, the plaintiff argued that Rule 26(a)(2)(B) would only be applicable if his treating physician did not make his determination regarding causation in the course of providing treatment. *Id* at 4. The plaintiff further argued that was exactly how the treating physician came to his opinion on causation. *Id*. The treating physician was never asked to look at any authoritative literature or the records of any other treating or examining physicians. *Id*. The treating physician's opinions are based solely on the information he gathered during his treatment of the plaintiff. *Id*.

8.	However, the District Court stated, "while Dr. Ludwig's opinion regarding causation may be based upon ***information he gathered during treatment*** that is not the standard

under *Meyers*. The standard is whether ***he formed his opinion regarding causation during the course of treatment***." *Id* at 4; (Emphasis Added).

9. After reviewing the medical records prepared by the treating physician during the course of treatment and a causation letter prepared after treatment had ceased, the District Court concluded that the treating physician's opinion regarding causation was formed after treatment. *Id*. Specifically, it was noted that the treating physician did not mention forming an opinion regarding causation when discussing his diagnostic process in the narrative of his medical records. Since the only opinion regarding causation was in a letter prepared after treatment had ceased, the District Court held that Rule 26(a)(2)(B) was applicable and required plaintiff to prepare an expert report. *Id*.

10. The present case is distinguishable from *Allison v. U.S.*; Dr. Daniel Mulconrey formed his opinion regarding causation ***during the course of treatment***. His opinion regarding causation is evidenced in the medical records that he prepared on August 5, 2016 during treatment. Dr. Mulconrey opined, "The patient is a very pleasant woman who previously undergone instrumented spinal fusion. She had undergone multiple lumbar spinal surgeries with removal of instrumentation T10, T11, and T12. In addition, she had sagittal malignment and lumbar kyphosis. ***The patient had a fall and sustained compression fracture at T10 and T12 after instrumentation*** and would be removed on the right."

WHEREFORE Plaintiff, TONI M. MORRISON, requests that this Honorable Court find that Rule 26(a)(2)(B) is not applicable to Dr. Mulconrey's testimony and deny Defendant, WAL-MART STORES INC.'s request to require Dr. Mulconrey to prepare a Rule 26(a)(2)(B). Plaintiff TONI M. MORRISON further requests any other relief that this Honorable Court deems just, proper, and equitable.

Respectfully submitted,

s/James P. LeFante
James P. LeFante,
One of Plaintiff's Attorneys


James P. LeFante
Bar No. 6237531
LEFANTE LAW OFFICES, PC
456 Fulton St., Ste. 410
Peoria, IL 61602
309-999-1111 (phone)
855-533-2683 (fax)
Email: jlefenate@lefantelaw.com

**PROOF OF SERVICE**

      I hereby certify that on June 28, 2017, I electronically filed the foregoing Response to Defendant's Motion for Determination of Disclosure of Dr. Daniel Mulconrey under Federal Rule of Civil Procedure 26(a)(2) with the Clerk of the U.S. District Court for the Central District of Illinois using the CM/ECF system, which was served electronically to attorneys of record.

**Attorney for Defendant**
Heather E. Shea
Attorney for Defendant
O'Hagan, LLC
1 E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
T: 312 / 422-6100
F: 312 / 422-6110
E: hshea@ohaganlaw.com

                                          /s/ James P. LeFante
                                          James P. LeFante, #6237531
                                          LeFANTE LAW OFFICES, P.C.
                                          456 Fulton Street, Suite 410
                                          Peoria, Illinois 61602
                                          T: 309 / 999-1111
                                          F: 855 / 533-2683
                                          E: jlefante@lefantelaw.com
                                          **Attorney for Plaintiff**